IN THE MATTER OF THE PETITION OF THE STATE OF DELAWARE FOR A WRIT OF MANDAMUS.
No. 356, 2009.
Supreme Court of Delaware.
Submitted: July 8, 2009.
Decided: July 14, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 14th day of July 2009, it appears to the Court that:
(1) The petitioner, the State of Delaware, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Family Court to decide by a date certain whether a juvenile offender must register as a sex offender under Del. Code Ann. tit. 11, §§ 4120 and 4121. The respondent has filed an answer requesting that the petition be dismissed.[2] We find that the State's petition fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.
(2) The record before us reflects that, on May 13, 2009, a sentencing hearing was held in the Family Court regarding a juvenile ("C.F.") who, after entering a plea, was adjudicated delinquent on charges of Unlawful Sexual Contact in the Second Degree and Indecent Exposure in the First Degree. C.F. was sentenced to 2 years at Level V supervision, to be suspended for 2 years at Level III. The Family Court also ordered that C.F. attend counseling and placed restrictions on contact with the victims and children under 12 years of age.
(3) At the time of sentencing and over the objection of the State, the Family Court stayed its decision as to whether C.F. would be required to register as a sex offender until his required counseling was completed. The State's position was that the Family Court was statutorily required to assign the juvenile to a risk assessment tier at the time of sentencing. As grounds for the stay, the Family Court judge stated his view that the law with respect to sex registration for juveniles is unsettled and also referred to the report of the court-appointed attorney ("CASA"), who recommended counseling rather than punishment because C.F. was at low risk to repeat the offenses.
(4) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that 1) there is a clear right to the performance of a duty; 2) no other adequate remedy is available; and 3) the trial court arbitrarily failed or refused to perform its duty.[4]
(5) Because we are not persuaded, on this record, that the Family Court arbitrarily failed or refused to perform a duty to which the State has demonstrated a clear right, we conclude that the State has failed to invoke this Court's original jurisdiction and that, therefore, its petition for a writ of mandamus must be dismissed.
NOW, THEREFORE, IT IS ORDERED that the State's petition for a writ of mandamus is DISMISSED.
NOTES
[1] Del. Const. art. IV, § 11(6); Supr. Ct. R. 43.
[2] The Family Court judge also filed a response to the petition on June 26, 2009. Supr. Ct. R. 43(b) (ii).
[3] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[4] Id.